UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE ) <br> COMPANY OF AMERICA A/S/O ) <br> STATE & LOUISE, LLC, ) <br> and 216 LOUISE, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LILIANA SANCHEZ d/b/a ) <br> LS PLUMBING, PRECISION ) <br> PLUMBING COMPANY, INC., ) <br> TRISTAR CONSTRUCTION, INC., ) <br> JOSE GUADALUPE PEREZ, JOSE ) <br> GUADALUPE PACHECO, JOSE RICARDO ) <br> CAMPOS, ARTURO SANCHEZ, AND ) <br> DELFINO SANCHEZ, ) <br> ) <br> Defendants. ) | No. 3:14-cv-02262 <br> **JURY DEMAND** |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND FOR ENTRY OF A FINAL JUDGMENT
AGAINST TRISTAR CONSTRUCTION, INC.**

Plaintiff Travelers Casualty Insurance Company of America has moved the Court for partial summary judgment pursuant to Fed. R. Civ. P. 56 against TriStar Construction, Inc. ("TriStar") as to liability for the damage caused by a fire that occurred on January 30, 2014, at an apartment building owned by plaintiff's insureds.

Multiple claims and parties are involved in this action. Therefore, plaintiff also moves the Court to direct entry of a final judgment as to its claim against TriStar pursuant to Fed. R. Civ. P. 54.02.

## GROUNDS

This motion for partial summary judgment should be granted because no reasonable jury could find that defendant TriStar did not breach its contract with the building owners when it failed to perform work under that contract in a workmanlike manner. TriStar and the building owners had a valid and enforceable contract. Undisputed expert proof shows that the fire was caused by the negligence of the plumbers who were working as subcontractors of TriStar. Because Tennessee law is clear that a contractor has an implied non-delegable duty to perform the work required by a contract in a workmanlike manner, TriStar is liable to the plaintiff for the negligent and unworkmanlike work of its subcontractors.

The Court should direct entry of a final judgment as to plaintiff's claim against TriStar, the only claim between these two parties, pursuant to Fed. R. Civ. P. 54.02 because there is no just reason for delay. The extensive time and effort that it may take to resolve the other claims in this action, especially TriStar's claims against the other defendants, should in no way delay plaintiff's ability to collect on its claim against TriStar.

## FACTS

On January 30, 2014, a 20 unit apartment building (hereinafter "the Building") located at 216 Louise Avenue, Nashville, Tennessee was damaged by fire. *See Tri-Star's Answer,* DE # 22 ¶¶ 5, 22. The Building was completely destroyed by fire except for the first story garage. *Id.* ¶ 22. The Building was owned by State & Louise, LLC, and 216 Louise, LLC. *Id.* ¶ 5. The Building was insured by the plaintiff under policy No. 680-0164P575. *See Affidavit of B. Willingham* (attached).

At the time of the fire, the Building was undergoing repairs due to previous water damage. DE #22 ¶¶ 24-25. The Building owners hired TriStar to make repairs to the Building

due to the water damage.  *Id.* ¶ 32.  The Building owners and TriStar had a valid and enforceable contract to complete the repairs.  *Id.* ¶ 72.

The water damage repairs for which the Building owners hired TriStar included the plumbing work that was done at the Building on January 30, 2014.  *Id.* ¶ 33.  Defendant TriStar hired Precision Plumbing to complete plumbing work at the Building as part of these repairs.  *Id.* ¶ 31.  Defendant Precision Plumbing hired LS Plumbing to complete the plumbing work at the Building as part of these repairs.  *Id.* ¶ 30.

The Plumbers were working for LS Plumbing, which had been hired by Precision Plumbing.  *Id.* ¶¶ 28-30.  The fire was caused by all the Plumbers or by one or more of the Plumbers while they were working inside the building on January 30, 2014.  *See Affidavit of David Wright.*

## I. CHOICE OF LAW: TENNESSEE LAW CONTROLS SUBSTANTIVE ISSUES AND FEDERAL LAW CONTROLS PROCEDURAL ISSUES.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  There is diversity of citizenship of the parties, and the amount in controversy exceeds $75,000.

"Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."  *Erie R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938).  "There is no federal general common law."  *Id.*  "Congress has no power to declare substantive rules of common law applicable in a state whether they be local in their nature or general, be they commercial law or a part of the law of torts."  *Id.*

"A federal court exercising diversity jurisdiction must apply the substantive law of the state in which it sits."  *Charter Oak Fire Ins. Co. v. Broan Nutone, LLC,* 348 F.Supp.2d 934, 938 (W.D. Tenn. 2004).

3

This Court sits in Tennessee. Therefore, it must apply the substantive law of Tennessee. *See Id.*

As to procedural issues such as motions for summary judgment, the Federal Rules of Civil Procedure control. *See Gafford v. General Elec. Co.,* 997 F.2d 150, 166 (6th Cir. 1993).

## II. CONTROLLING PROCEDURAL LAW.

Summary judgment may be granted if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(e). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley,* 803 F.2d 236, 239 n. 4 (6th Cir. 1986). Once the moving party shows an absence of evidence to support the nonmoving party's case, the nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

Material facts are those facts which are defined by substantive law and are necessary in order to apply the law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the non-moving party. *Id.*

In evaluating a motion for summary judgment, the evidence, facts, and any inferences must be viewed in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Walborn v. Erie County Care Facility*, 150 F.3d 584, 588 (6th Cir. 1998).

4

## III. NO REASONABLE JURY COULD FIND THAT THE NEGLIGENCE OF THE PLUMBERS DID NOT CAUSE THE FIRE THAT DESTROYED THE BUILDING ON JANUARY 30, 2014.

Professional engineer David Wright conducted an engineering investigation for a fire that occurred on January 30, 2014. *See Affidavit of David Wright,* ¶ 3. That investigation included a joint examination of the fire scene on February 26, 2014. *Id.*

The Plumbers were not following established and applicable codes and standards for preventing fires while using a torch at the Building. *Id.* ¶ 5. The Plumbers negligently disregarded the presence of combustible materials in the wall near where they were working with the torch. *Id.* ¶ 6.

The Plumbers were negligent per se by violating several provisions of the International Fire Code, the National Fire Protection Association's Standards for Fire Prevention, and the Occupational Safety and Health Administration's guidelines. *Id.* ¶ 7.

The Plumbers were performing hot work without the approval of any fire code official, in areas where readily ignitable materials were present, without the appropriate shielding to prevent sparks, slag, or heat from igniting exposed combustibles. *Id.* ¶ 8. The Plumbers were performing hot work in areas where there were openings or cracks in the walls, floors, ducts, or shafts and which were not tightly covered or otherwise shielded to prevent the passage of sparks or flame. *Id.* ¶ 9. The Plumbers were performing hot work without employing an appropriate fire watch during hot work activities and for a minimum of thirty minutes after the conclusion of the work. *Id.* ¶ 10. The Plumbers were performing hot work without a pre-hot work check and without at least one daily inspection of the area by the individual responsible for authorizing hot work operations to ensure that all equipment is safe and all hazards are recognized and protected.

*Id.* ¶ 11.  The Plumbers were performing hot work without the presence of a responsible person trained in the fire safety considerations concerned with hot work.  *Id.* ¶ 12.

The Plumbers were using a torch to complete plumbing work without completing the training and competence examination necessary to obtain a plumbing license, in violation of the Metro Government of Nashville and Davidson County Plumbing Code.  *Id.* ¶ 13.

The Plumbers' negligence caused the fire that occurred at the Building on January 30, 2014.  *Id.* ¶ 4.

### IV. DELEGATION OF THE RESPONSIBILITY TO COMPLETE WORK DOES NOT RELEASE TRISTAR FROM CONTRACTUAL LIABILITY FOR DAMAGES CAUSED BY THE ACTS OF ITS SUBCONTRACTORS.

#### A. The contract between the Building owners and TriStar placed upon TriStar the implied duty to skillfully, carefully, and diligently perform the work in a workmanlike manner.

Plaintiff's complaint alleged that "The Building owners and TriStar entered into a valid and enforceable contract to make repairs at the Building."  DE # 1 ¶ 72; *See also* affidavit of B. Willingham, III, ¶ 7.  TriStar admits this allegation.  *See* DE # 22 ¶ 72.  TriStar does not dispute that it had a valid and enforceable contract with the Building owners at the time of the incident.

The Tennessee Supreme Court held in *Federal v. Winters* that a contract places upon a defendant-contractor the implied duty to skillfully, carefully, and diligently perform the work in a workmanlike manner.  *Id.*, 354 S.W.3d 287, 292-293 (Tenn. 2011).  In coming to this conclusion, the Court cited cases from several jurisdictions that "support the principle that service contracts are accompanied by an implied obligation to perform the service skillfully, carefully, diligently, and in a workmanlike manner."  *Id.*  The Court also noted that *American Jurisprudence* recognizes the implied duty to perform services skillfully, carefully, diligently, and in a workmanlike manner as the general rule.  *Id.* at 293.

6

TriStar admits in its answer that it had "an implied duty to perform the services required by its contract with the building owner in a careful, skillful, diligent and workmanlike manner." DE # 22 ¶ 73. The fact that TriStar owed an implied duty to the Building owners to perform the services required by the contract in a careful, skillful, diligent, and workmanlike manner is not disputed.

### B. TriStar's implied duty to perform the services required by the contract in a careful, skillful, diligent, and workmanlike manner was non-delegable.

In *Federal v. Winters*¸ the Tennessee Supreme Court held that the implied duty to perform the services required by a contract in a careful, skillful, diligent, and workmanlike manner is non-delegable. *Federal* at 294.

The Supreme Court decision quoted dicta from a Tennessee Court of Appeals case. *Id.* In *Bowling v. Jones,* the defendant contractors "had a contractual duty to construct the house to completion and to perform the construction in a workmanlike manner. Their unilateral delegation of work to third parties did not absolve them of this duty." *Federal* at 294 *quoting Bowling v. Jones,* 300 S.W.3d 288 (Tenn. Ct. App. 2008).

The Supreme Court found this dicta to be "representative of rulings in other states." *Id.* For instance, the Supreme Court of Wisconsin held that "by entering the contract for services, the contractor undertook the responsibility to perform the work with skill and due care and could not escape liability based upon the delegation of the performance of services to contractors." *Federal* at 294 *citing Brooks v. Hayes,* 395 N.W.2d 167, 169 (1986). The Supreme Court of Washington held that "a contractor who 'undertakes to do some particular thing... cannot, by employing an independent contractor, avoid responsibility for an injury resulting from the nonperformance of any duty or duties which, under the express terms of the agreement, or by

7

implication of law, are assumed by the undertaker." *Federal* at 294-295 *citing White Pass Co. v. St. John,* 427 P.2d 398 (1967).

The Georgia Court of Appeals held the same, stating:

> The basis of liability is the [defendant] holding himself out as having the ability and expertise ... to build a fit and proper dwelling. It would be too easy for a builder-seller to avoid liability by hiring inexperienced crews, providing little or no supervision, and then claiming the culprit of any negligence was an independent contractor. The contract ... with its attendant obligations, is between the buyer and builder, not the buyer and any independent contractor.

*Federal* at 294 *citing Hudgins v. Bacon,* 321 S.E.2d 359, 366 (Ga. App. 1984).

Furthermore, "the Restatement (Second) of Contracts specifically addresses this issue, explaining that 'neither delegation of performance nor a contract to assume the duty [under a contract] ... discharges any duty or liability of the delegating obligor.'" *Federal* at 293-294 *citing* Restatement (Second) of Contracts § 318(3) (1981).

TriStar subcontracted the work to Precision Plumbing, and Precision Plumbing subcontracted the work to LS Plumbing. *Tri-Star's Cross Claim,* DE # 22, ¶¶ 2-3. However, the law in Tennessee and other jurisdictions is clear that this does not absolve TriStar of liability to the Building owners for breach of contract.

TriStar had an obligation and duty to ensure that the work was performed skillfully, carefully, and diligently. This duty cannot be delegated to the subcontractors.

### C. The failure of TriStar to perform the work required by its contract in a workmanlike manner constitutes a breach of contract by TriStar.

When a contractor fails to fulfill its duty to perform the work required by contract in a workmanlike manner, this constitutes a breach of contract. Recently, the Court of Appeals made the following observation regarding the implied duties encompassed in construction contracts:

> Once a builder undertakes a construction contract, the common law imposes upon him or her a duty to perform the work in a workmanlike manner, and there

8

is an implied agreement that the building or work performed will be sufficient
for the particular purpose desired or to accomplish a certain result. Thus, failure
to perform a building contract in a workmanlike manner constitutes a breach of
the contract.

*Federal* at 291 (Tenn. 2011), citing *Bowling* at 291 (Tenn. Ct. App. 2008).

TriStar failed to perform its contract with the Building owners in a workmanlike manner. *See Affidavit of D. Wright.* The negligence of these subcontractors caused the Building to be destroyed by fire. *Id.* TriStar's failure to ensure that the subcontractors did the work in a workmanlike manner constitutes a breach of TriStar's contract with the Building owners as a matter of law. The subcontractors' failure to perform their work properly as a matter of law constitutes a failure by TriStar to perform its work properly and consistent with its contractual duties.

## CONCLUSION

TriStar and the Building owners entered into a valid and enforceable contract to make repairs to the Building. As part of that contract, TriStar had an implied duty to skillfully, carefully, and diligently perform the work in a workmanlike manner. This implied duty is not delegable to subcontractors. TriStar breached its contract with the Building owners by failing to skillfully, carefully, and diligently perform the work in a workmanlike manner. As a matter of contract law, TriStar is liable to plaintiff for all damage caused by the Plumbers due to the January 30, 2014 fire at the Building. Undisputed expert proof shows that the Plumbers' negligence and negligence per se was the cause of the fire at the Building on January 30, 2014.

No reasonable jury could find that the Plumbers were not the cause of the fire at the Building on January 30, 2014. As a matter of law TriStar had an implied duty to complete the work required by contract in a workmanlike manner. No reasonable jury could find that the

9

work was completed in a workmanlike manner. No reasonable jury could find that TriStar did not breach its contract with the Building owners.

There is no dispute of material facts as to any of these issues, and plaintiff is entitled to judgment as a matter of law against defendant TriStar.

Finally, plaintiff has expended over $1 million for the destroyed apartment building to be rebuilt and for its insureds to be reimbursed for lost rents caused by the fire. As of the filing of this motion, reconstruction is complete and at least seven of the twenty units have been leased. TriStar should be required to reimburse plaintiff for its expenditures immediately. Unless the Court directs entry of a final judgment under Rule 54.02, TriStar will reap the benefits of delaying reimbursement to plaintiff of the substantial amounts that it has had to spend to make its insureds whole.

s/ Meredith L. Eason
G. Andrew Rowlett, No. 16277
Meredith L. Eason, No. 30183
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
#615/244-3370
Attorneys for plaintiff

## CERTIFICATE OF SERVICE

I certify that the foregoing was served via the electronic filing system upon:

Robert W. Briley
Kenneth R. Shuttleworth
230 4th Avenue North, Suite 500
Nashville, TN 37219
(615) 833-3390

and

Colin M. McCaffrey
Law Office of Michele B. Fassbender
1000 NorthChase Drive
Suite 250
Goodlettsville, TN 37072

and

Tom Corts
Andrea S. Freeman
Ortale, Kelley, Herbert & Crawford
330 Commerce Street, Suite 110
P.O. Box 198985
Nashville, TN 37219-8985

and

Rebecca Demaree
Nashville City Center | Suite 1500
PO Box 190695
511 Union Street
Nashville, Tennessee 37219

  on this the 16th day of April, 2015.

              s/ Meredith L. Eason