UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY INSURANCE ) <br> COMPANY OF AMERICA A/S/O ) <br> STATE & LOUISE, LLC, ) <br> and 216 LOUISE, LLC ) <br> ) <br>      **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> LILIANA SANCHEZ d/b/a ) <br> LS PLUMBING, PRECISION ) <br> PLUMBING COMPANY, INC., ) <br> TRISTAR CONSTRUCTION, INC., ) <br> JOSE GUADALUPE PEREZ, JOSE ) <br> GUADALUPE PACHECO, JOSE RICARDO ) <br> CAMPOS, ARTURO SANCHEZ, AND ) <br> DELFINO SANCHEZ, ) <br> ) <br>      **Defendants.** ) | No. 3:14-cv-02262 <br> **JURY DEMAND** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT <u>AS TO DAMAGES</u>
OF $1,368,991.78, FOR PREJUDGMENT INTEREST AT 10%,
AND FOR ENTRY OF A FINAL JUDGMENT
AGAINST TRISTAR CONSTRUCTION, INC.**

Plaintiff Travelers Casualty Insurance Company of America has moved the Court for partial summary judgment <u>as to damages</u> of $1,368,991.78 pursuant to Fed. R. Civ. P. 56 against TriStar Construction, Inc. ("TriStar").

[Plaintiff previously moved the Court in DE # 58 for partial summary judgment as to liability against TriStar and to direct entry of a final judgment as to plaintiff's claim for liability against TriStar pursuant to Fed. R. Civ. P. 54.02 for the damage caused by a fire that occurred on January 30, 2014, at an apartment building owned by plaintiff's insureds.]

Plaintiff also moved the Court in the motion accompanying this memorandum to award prejudgment interest at the statutory rate of 10% from the date of the loss.

Multiple claims and parties are involved in this action. Therefore, plaintiff also moved the Court in the motion accompanying this memorandum to direct entry of a final judgment as to its claim for damages against TriStar pursuant to Fed. R. Civ. P. 54.02.

Alternatively, if TriStar identifies a specific lesser amount of damages as having been caused by the fire, as it should be required to do if it opposes this motion, and the Court finds that there is a genuine dispute as to the amount of damages claimed by plaintiff in excess of TriStar's asserted amount, then the Court should grant plaintiff summary judgment, including prejudgment interest and Rule 54.02 finality, as to the lesser amount of damages identified by TriStar.

## GROUNDS

Plaintiff's motion for partial summary judgment as to damages should be granted because there is no genuine dispute as to any material fact controlling what damages were caused by the fire, because plaintiff's claimed damages are allowed and appropriate under the law, and because no reasonable jury could find that the fire did not cause the claimed damages.

As with plaintiff's motion for partial summary judgment against TriStar as to liability (DE # 58), the Court should also direct entry of a final judgment as to plaintiff's claim of <u>damages</u> against TriStar pursuant to Fed. R. Civ. P. 54.02 because there is no just reason for delay. The extensive time and effort that it may take to resolve the other claims in this action, especially TriStar's claims against the other defendants, should not delay plaintiff's ability to collect on its claim against TriStar.

The Court should award prejudgment interest to plaintiff at the statutory rate of 10% because (1) the existence of the underlying obligation is certain; (2) the amount in dispute is

2

Case 3:14-cv-02262   Document 62   Filed 04/22/15   Page 2 of 8 PageID #: 316

certain; (3) TriStar has not paid plaintiff any prior compensation for the lost time value of the plaintiff's money; and (4) equity and fairness mandate full compensation to the plaintiff under the law of Myint, "including economic loss stemming from the plaintiff's inability to earn interest on funds [it] should have received."

If the Court grants plaintiff's previous MPSJ (DE # 58) and this motion, then the Court should enter a judgment in favor of plaintiff against TriStar for the amount claimed, along with prejudgment interest, so that plaintiff may pursue collection of said amount.

If the Court finds that any element of this motion should not be granted at this time, the Court should grant summary judgment as to any other elements of this motion in order to narrow the issues in dispute, to facilitate the cost-effective resolution of this entire action, and to further the goals of Rule 56.

## FACTS

Plaintiff adopts and incorporates by reference herein the facts stated in its memorandum in support of its previous motion for partial summary judgment as to liability (DE # 59), in its statement of undisputed facts (DE # 60), and in the exhibits to its motion for partial summary judgment as to liability (DE # 58).

Plaintiff also states the following additional facts related to damages.

Pursuant to the insurance coverage that plaintiff had issued to its insureds for the apartment building where the fire occurred, plaintiff paid $1,368,991.78 to its insureds as a result of the loss. See Affidavit of D. Meredith.

This total amount of payments is broken down in detail in the documents filed along with the supporting affidavit of Dexter L. Meredith of Travelers. Id.

Travelers had a duty to pay its insureds these amounts under their policy. Id.

All of the itemized expenses were made necessary by the fire.  Id.

The insureds chose to rebuild the building.  Id.

The total listed for contents ($73,022.03) and for rebuilding the building ($1,094.078.92), less damages caused by previous water damage, is $1,167,100.95.  Id.

These costs were reasonable.  Id.

The insureds made certain improvements such as exterior brick when rebuilding the building.  Id.  Travelers did not pay the insureds for such improvements.  Id.  The rebuild cost of $1,094.078.92 was the amount of the insureds' expenses that were to replace the destroyed building with one of like kind and quality.  Id.  The amount expended by the insureds on rebuilding the building exceeded this amount.  Id.  Travelers is not claiming said expenses as damages in this action.

Lost rent payments from the fire total $201,890.83.  Id.  Before the fire, Travelers had expected the water damage repairs to have been completed and the building to have begun releasing within two months of the date on which the fire began.  Id.  Therefore, lost rents were attributed to the fire and not to the previous water loss (that caused the damage which the plumbers were helping restore on the day of the fire) beginning on April 1, 2014.  Id.  While the building has not been re-leased completely yet, Travelers' lost rents payments have ended because its insureds' lost rents coverage was limited to sixty days after the building was rebuilt. Id.

## LAW – DAMAGES

"The purpose of compensatory damages is to compensate a party for the loss or injury caused by a wrongdoer's conduct. … The goal is to restore the injured party, as nearly as possible, to the position the party would have been in had the wrongful conduct not occurred. ...

4

The injured party should be fully compensated for all losses caused by the wrongdoer's conduct." Waggoner Motors, Inc. v. Waverly Church of Christ, 159 S.W.3d 42, 57 (Tenn. Ct. App. 2004) (citations omitted).

"In assessing damages in a breach of contract suit, the goal is to place the plaintiff, as nearly as possible, in the same position he would have been had the contract been performed." Radant v. Earwood, No. 02A01-9802-CV-00029, 1999 WL 418339, at 6 (Tenn. Ct. App. June 22, 1999) (copy attached).

"This court has explained that, [i]f an injury to the land is permanent, any depreciation in the value will be an element of damages. Killian v. Campbell, 760 S.W.2d 218, 222 (Tenn.App.1988). On the other hand, [i]f the land can be restored to its original value by an expenditure of money and labor, the costs of such money and labor is the basic measure of damages. Id." McKinney v. Smith Cnty., No. M1998-00074-COAR3CV, 1999 WL 1000887, at 7 (Tenn. Ct. App. Nov. 5, 1999) (copy attached). [The Tennessee Supreme Court denied cert. in Killian, a published opinion, on Oct. 31, 1988.]

"In Killian v. Campbell, 760 S.W.2d 218, 222 (Tenn.Ct.App.1988), this court stated that the cost of restoration is the proper measure of injuries to land where such restoration is possible." Conatser v. Ball, No. M1999-00583-COA-R3CV, 2001 WL 873457, at 10 (Tenn. Ct. App. Aug. 3, 2001) (copy attached). Following is a line from the Am.Jur. quote in Conatser: "Damages for restoration or replacement are limited to situations where replacement or restoration costs are feasible and reasonable." Conatser v. Ball, No. M1999-00583-COA-R3CV, 2001 WL 873457, at 9 (Tenn. Ct. App. Aug. 3, 2001).

## ARGUMENT - DAMAGES

Paying for the building to be rebuilt and for the insureds' lost rents was the way to restore the injured parties, as nearly as possible, to the positions they would have been in had the fire not occurred, per Waggoner. If the contract had been performed properly, the fire would not have occurred. See DE #58 and Radant. The injury was not permanent because the property could be restored to its original value by an expenditure of money and labor. Therefore, under McKinney and Conatser, the cost of such money and labor is the basic measure of damages. Because rebuilding the building was feasible and because the cost of doing so was reasonable, damages for restoration or replacement are appropriate. See Conatser. Because the property could be restored to its original condition, the cost of doing so is the proper measure of damages.

## LAW – PREJUDGMENT INTEREST

Tenn. Code Ann. § 47-14-123 provides that prejudgment interest may be awarded in accordance with equity not to exceed 10%. The Tennessee Court of Appeals discussed prejudgment interest in Metropolitan Government of Nashville and Davidson County v. BFI Waste Services, LLC, 2012 WL 1018946 (March 22, 2012) (application for permission to appeal dismissed by Supreme Court on July 20, 2012) (copy attached).

The court wrote that the Myint opinion had effected "a sea change in the principles guiding a trial court's decision; equity and fairness, in almost all cases, now mandate full compensation for losses that the defendant caused, including economic loss stemming from the plaintiff's inability to earn interest on funds he should have received." Id. at 12.

Equitable factors include the following:

> (1) promptness in the commencement of a claim, (2) unreasonable delay of the proceedings by either party, (3) abusive litigation practices by either party, (4) the certainty of the existence of an underlying obligation, (4) (sic) the certainty of the

6

amount in dispute, and (5) prior compensation for the lost time value of the plaintiff's money.

Id.

## ARGUMENT – PREJUDGMENT INTEREST

This claim was commenced promptly. TriStar was given notice of a possible claim arising from the fire within days of the fire. See Affidavit of D. Meredith. This action was instituted promptly. The fire occurred on January 30, 2014. Id. The complaint in this action was filed on November 17, 2014 (see DE # 1) despite there being a three year statute of limitations for property damage (Tenn. Code Ann. Sec. 28-3-105).

Plaintiff has not delayed proceedings.

As may be seen in the strength of plaintiff's motion for partial summary judgment as to liability (DE # 58), the existence of an underlying obligation is certain.

As may be seen in the supporting damages documents, the amount in dispute is certain. See Affidavit of D. Meredith.

TriStar has not paid plaintiff any prior compensation for the lost time value of the plaintiff's money. Id.

Equity and fairness mandate full compensation to the plaintiff under the law of Myint, "including economic loss stemming from the plaintiff's inability to earn interest on funds [it] should have received."

## CONCLUSION

Liability and damages both having been established as a matter of law, the Court should enter a final judgment in favor of plaintiff against TriStar for $1,368,991.78 plus prejudgment interest at 10%.

7

s/ G. Andrew Rowlett
G. Andrew Rowlett, No. 16277
Meredith L. Eason, No. 30183
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
#615/244-3370
Attorneys for plaintiff

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served via the electronic filing system upon:

Robert W. Briley
Kenneth R. Shuttleworth
230 4th Avenue North, Suite 500
Nashville, TN 37219
(615) 833-3390

Colin M. McCaffrey
Law Office of Michele B. Fassbender
1000 NorthChase Drive, Suite 250
Goodlettsville, TN 37072

Tom Corts
Andrea S. Freeman
Ortale, Kelley, Herbert & Crawford
330 Commerce Street, Suite 110
P.O. Box 198985
Nashville, TN 37219-8985

and

Rebecca Demaree
Nashville City Center | Suite 1500
PO Box 190695
511 Union Street
Nashville, Tennessee 37219

 on this the 22nd day of April, 2015.

s/ G. Andrew Rowlett